UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

SEBASTIAN A. ROJAS, and all others
similarly situated under 29 U.S.C. § 216(b),

    Plaintiff,

vs.                                                                    **FLSA COLLECTIVE ACTION**

UBER TECHNOLOGIES, INC., a Delaware
corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff Sebastian A. Rojas ("Rojas"), though undersigned counsel, for himself and on behalf of all others similarly situated under 29 U.S.C. § 216(b), sues Defendant Uber Technologies, Inc. ("Uber"), and alleges:

## INTRODUCTION

1. This case is brought against Uber for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., on behalf of Plaintiff and all similarly situated individuals nationwide (collectively, "Uber Drivers" or "Drivers") who (a) have driven for Uber as Uber Black, Uber SUV or UberX drivers, and (b) opted out of the arbitration provision contained in applicable services agreement with Uber and/or any of Uber's subsidiaries.

2. Uber is a transportation service that provides drivers who can be hailed and dispatched through a mobile phone application. As set forth below, Uber Drivers have not received minimum wages and overtime compensation; must pay for the cost of their vehicles and

all expenses related thereto, including insurance, fuel and many other costs and expenses; and Uber Drivers have not received tips unlawfully withheld from them by Uber.

3. All conditions precedent to the filing of this action have occurred or been waived.

## PARTIES

4. Plaintiff Rojas is a resident of Miami, Florida, and began working for Uber in April 2015. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b), and his consent is attached hereto as **Exhibit "A."**

5. At all material times, Plaintiff and Uber Drivers were and continue to be employees within the meaning of 29 U.S.C. § 203(e) and were and continue to be employed by a covered enterprise engaged in commerce or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203(e), (r), and (s). The work also regularly involves interstate commerce.

6. Defendant Uber is a corporation incorporated in the State of Delaware with its principal place of business located in San Francisco, California. At all relevant times, Uber has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). In addition, at all relevant times, Uber has had and continues to have yearly gross revenues in excess of $500,000.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and/or 29 U.S.C. § 216(b).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Uber maintains offices, has agents, transacts business, and is found in this district. Uber also receives substantial compensation from such transactions and business activity in this judicial district.

## **STATEMENT OF FACTS**

9. Uber provides transportation service in cities throughout the United States via an on-demand dispatch system.

10. Uber offers customers the ability to hail a driver on a mobile phone application.

11. Uber's website has advertised that "Uber is your on-demand private driver."

12. Uber has misclassified its Drivers as independent contractors. Uber insists that it is nothing more than a computer technology company that has developed an electronic application that is simply "a lead generation platform" for connecting Uber with rider customers.

13. However, Uber Drivers are employees within the meaning of the FLSA. They are required to follow detailed requirements imposed on them by Uber and they are graded or rated by riders, and are subject to termination, based on their failure to adhere to these requirements (such as rules regarding their conduct with customers, the cleanliness of their vehicles, their timeliness in picking up rider customers and taking them to their destinations, and what they are allowed to say to customers).

14. In addition, Uber is in the business of providing vehicle services to rider customers, and that is the service that the Uber Drivers provide. The Drivers' services are fully integrated into Uber's business and, without the Drivers, Uber's business would not exist.

15. However, based on their misclassification as independent contractors, Uber Drivers are required to bear many of the expenses of their employer, including expenses for their vehicles, gas, and other expenses.

16. Uber Drivers do not need to possess special skills to perform their work.

17. Uber unilaterally determines Drivers' compensation, method of payment and specifications, and standards for their vehicles.

18. By these actions, Uber has "suffered or permitted" the Drivers to work for Uber, thereby requiring that the Drivers be treated as employees under FLSA, 29 U.S.C. § 203(g).

## COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. §§ 206, 207, and 216(b), Plaintiff brings this action as a collective action under the FLSA on behalf of the following persons (collectively, the "Collective Action Members"):

> Every person who (a) drove for Uber as UberX, Uber Black or Uber SUV drivers within the United States in the applicable statute(s) of limitations and through the entry of judgment in this case (the "Collective Action Period"), and (b) timely opted out of the arbitration provision contained in his/her applicable services agreement with Uber and/or any of Uber's subsidiaries.

20. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were and are all subjected to Uber's illegal policies of failing to pay not less than minimum wage for all hours worked; failing to pay overtime premiums for work performed in excess of forty (40) hours each week; and failing to distribute tips to Plaintiff and the Collective Action Members. As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally-required minimum wage for hours worked up to forty (40) hours per week; the legally-required minimum wage and overtime premium payments for all hours worked in excess of forty (40) hours per week; and tips included as part of Uber's fares.

21. By failing to pay or reimburse the Plaintiff's and Collective Action Members' expenses for vehicles, gasoline, insurance and all other expenses, either actual expenses or those specified by the Internal Revenue Service, whichever is higher, Plaintiff and Collective Action Members have failed in many workweeks to be compensated minimum wage and overtime for

all hours worked in excess of forty (40) hours in the workweek "free and clear" of driver expenses as required by 29 C.F.R. § 531.35, among other authorities.

22. Uber also failed (and continues to fail) to make, keep, and preserve accurate records with respect to Plaintiff and the Collective Action Members, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations. The lack of recordkeeping creates a rebuttable presumption that any estimates of hours worked and miles driven are accurate, pursuant to *Anderson v. Mt. Clemens Pottery Co.*, 29 U.S. 680, 687-88 (1946).

23. Plaintiff and the Collective Action Members have the same job duties and are paid pursuant to the same corporate payment structure.

24. Plaintiff and the Collective Action Members are all not subject to any agreement to arbitrate with Uber, having timely opted out of any such arbitration agreement. Plaintiff Rojas timely opted out of the arbitration provision in his applicable services agreement on or about December 29, 2015.

**COUNT I – UNPAID MINIMUM WAGE UNDER THE FLSA**

25. Plaintiff, on behalf of himself and the Collective Action Members, repeats and re-alleges the allegations of paragraphs 1-24, above, as though fully set forth herein.

26. Plaintiff and the Collective Action Members drove for Uber while the Uber app was on, risking deactivation (*i.e.*, termination of employment) for poor performance, and/or failures to accept ride requests while the Uber app was on, and/or other purported violations of Uber's "Driver Deactivation Policy – US ONLY" (accessible via hyperlink at https://www.uber.com/legal/other/driver-deactivation-us-english/).

27. Uber failed to pay Plaintiff Rojas the minimum wage required under the law *no less than* during the weeks of: April 13-19, 2015; April 20-26, 2015; April 27 – May 3, 2015, May 4-10, 2015; June 1-7, 2015; June 29 – July 5, 2015; August 31 – September 6, 2015; September 7-13, 2015; September 14-20, 2015; September 21-27, 2015; September 28 – October 4, 2015; October 5-11, 2015; October 12-18, 2015; October 19-25, 2015, October 26 – November 1, 2015; November 2-8, 2015; December 7-13, 2015; December 14-21, 2015; December 21-27, 2015; January 18-24, 2016; January 25-31, 2016; February 1-7, 2016; February 8-14, 2016; February 15-21, 2016; February 22-28, 2016; February 29 – March 6, 2016; March 7-13, 2016; March 28 – April 3, 2016; April 4-10, 2016; April 11-17, 2016; April 18-24, 2016; May 2-8, 2016; May 9-15, 2016; May 16-22, 2016; June 6-12, 2016; June 13-19, 2016; June 20-26, 2016; June 27 – July 3, 2016; and July 4-10, 2016.

28. Information dispositive of whether Uber failed to pay Plaintiff the minimum wage required under the law in other weeks during Plaintiff's employment may be in the possession of Uber, and will be obtained in discovery during the pendency of this action.

29. Uber's failures to pay minimum wages required under the law are endemic with respect to wages Uber has paid to the Collective Action Members who drove during the Collective Action Period. By failing to pay minimum wage for all hours worked, Uber has violated and continues to violate the FLSA, 29 U.S.C. §§ 206(a) and 215(a)(2).

30. The foregoing conduct, as alleged, constitutes willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

31. Uber's failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and Collective Action Members are entitled to recover from Uber their full unpaid minimum

wages, damages for unreasonably delayed payment of wages, liquidated damages in the amount equal to the unpaid wages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT II – UNPAID OVERTIME WAGES UNDER THE FLSA

32. Plaintiff, on behalf of himself and the Collective Action Members, repeats and re-alleges the allegations of paragraphs 1-24, above, as though fully set forth herein.

33. Plaintiff and the Collective Action Members drove for Uber while the Uber app was on, risking deactivation (*i.e.*, termination of employment) for poor performance, and/or failures to accept ride requests while the Uber app was on, and/or other purported violations of Uber's "Driver Deactivation Policy – US ONLY" (accessible via hyperlink at https://www.uber.com/legal/other/driver-deactivation-us-english/).

34. Uber failed to pay Plaintiff Rojas overtime wages required under the law *no less than* during the weeks of: April 4-10, 2016; May 9-15, 2016; May 16-22, 2016; and June 27 – July 3, 2016.

35. Information dispositive of whether Uber failed to pay Plaintiff overtime wages required under the law in other weeks during Plaintiff's employment may be in the possession of Uber, and will be obtained in discovery during the pendency of this action.

36. Uber's failures to pay overtime wages required under the law are endemic with respect to wages Uber has paid to the Collective Action Members who drove during the Collective Action Period. By failing to pay overtime at a rate not less than one and one-half (1 1/2) times the regular rate of pay for work performed in excess of forty (40) hours per workweek, Uber has violated and continues to violate FLSA 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. Uber's failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Uber their unpaid overtime premium compensation, damages for unreasonably delaying payment of wages, liquidated damages in the amount equal to the unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT III – UNPAID TIPS UNDER THE FLSA

39. Plaintiff, on behalf of himself and the Collective Action Members, repeats and re-alleges the allegations of paragraphs 1-24, above, as though fully set forth herein.

40. Uber has violated 29 U.S.C. § 203(m) and 29 U.S.C. § 206 of the FLSA and the implementing regulations thereto set forth in 29 CFR § 531.52, to wit, Uber has failed to allow Plaintiff and the Collective Action Members to retain for themselves all of the tips they have received from customers during the course of their employment by Uber, which tips Uber has collected, retained, and failed to distribute to Plaintiff and the Collective Action Members.

41. Uber's aforesaid violation was intentional, willful, and knowing; as evidenced by, among other things, Uber's litigation history regarding Uber's collection of driver tips and failure to redistribute them, as well as Uber's own shifts in policy regarding how to characterize tips as part of passenger fares.

42. As a result of Uber's actions, Plaintiff and the Collective Action Members have suffered damages and are entitled to recover from Uber their unpaid tips.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all other Collective Action Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Plaintiff and Collective Action Members and ordering the prompt issuance of notice pursuant to 29 US.C. § 216(b) to Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

b. Equitable tolling of the statute of limitations from the date of the filing of this action until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

c. An award of compensatory damages as a result of Uber's failure to pay minimum wage, overtime compensation, and tips pursuant to the FLSA and the supporting regulations (as well as interest thereon);

d. An award of liquidated damages and/or punitive damages in the amount of the unpaid minimum wage, overtime wages, and tips as a result of Uber's willful failure to pay minimum wage, overtime compensation, and tips pursuant to the FLSA and the supporting regulations;

e. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

f. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated:  August 26, 2016         By:  /s/ *Joshua L. Spoont*
                                     GERALD F. RICHMAN
                                     grichman@richmangreer.com
                                     Florida Bar No.: 066432
                                     ADAM M. MYRON
                                     amyron@richmangreer.com
                                     Florida Bar No.: 0895121
                                     JOSHUA L. SPOONT
                                     jspoont@richmangreer.com
                                     Florida Bar No.: 53263
                                     RICHMAN GREER, P.A.
                                     One Clearlake Center, Suite 1504
                                     250 Australian Avenue South
                                     West Palm Beach, FL 33401
                                     Tel/Fax: (561) 803-3500 / (561) 820-1608
                                     *Attorneys for Plaintiff*

                                     and

                                     STEPHEN J. SCHULTZ
                                     schultz@sbemp.com
                                     Florida Bar No.: 120917
                                     Merrill, Schultz and Bennett, Limited
                                     2240 Fifth Avenue
                                     San Diego, CA 92101
                                     Tel: 619.501.4540
                                     *Attorneys for Plaintiff*

                                     and

                                     THOMAS G. SCHULTZ
                                     TSchultz@LSRCF.com
                                     Florida Bar No.: 92860
                                     LSRCF Law, PLLC
                                     1111 Brickell Ave. #2200
                                     Miami, FL 33131
                                     Tel: 305.760.8544
                                     *Attorneys for Plaintiff*