# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between Sebastian Rojas ("Plaintiff"), on one hand, and Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC, Rasier-PA, LLC, Rasier-DC, LLC, Rasier-MT, LLC, and Hinter-NM, LLC (collectively "Uber"), on the other hand. As set forth in this Agreement, Plaintiff and Uber (collectively referred to herein as the "Parties") hereby resolve any and all claims and/or disputes Plaintiff has or may have against Uber.

## RECITALS

A. Uber is a technology company that offers a smartphone application (the "App").

B. Plaintiff entered into a contract with Rasier, LLC and Rasier-DC, respectively, to access and use the App as a driver.

C. On or around August 26, 2016, Plaintiff filed an FLSA Collective Action Complaint against Uber, entitled *"Sebastian A. Rojas, on behalf of himself and on behalf of all other similarly situated versus Uber Technologies, Inc.*, bearing Case No. 16-cv-23670 in the United States District Court for the Southern District of Florida. Plaintiff filed a First Amended Complaint on or around October 17, 2016. On March 13, 2017, Plaintiff filed a Second Amended Complaint, which added Rasier, LLC, Rasier-CA, LLC, Rasier-PA, LLC, Rasier-DC, LLC, Rasier-MT, LLC, and Hinter-NM, LLC as defendants. The Complaint, First Amended Complaint, and the Second Amended Complaint are collectively referred to herein as the "Complaint." In the Complaint, Plaintiff alleges that Uber misclassified him as an independent contractor, and asserts wage and hour claims under the Fair Labor Standards Act ("FLSA").

D. The term "Released Parties" shall include Uber, Uber's present and former parent companies, subsidiaries, affiliates, directors, officers, employees, agents, representatives, investors, shareholders, insurers and attorneys, and all persons connected with them (whether or not acting within the scope of their duties).

E. The Released Parties deny any wrongdoing, and contend that their treatment of Plaintiff was at all times appropriate, lawful, and consistent with the terms of any and all agreements between the Parties.

F. Regardless of the disagreement between the Parties, the Parties desire to avoid the costs of litigation, and have therefore agreed to settle and resolve completely and finally Plaintiff's Complaint, and any other disputes Plaintiff may have against the Released Parties, without any admission of liability.

## TERMS OF AGREEMENT

NOW, THEREFORE, for and in consideration of the mutual covenants, conditions, promises and agreements contained herein, the Released Parties and Plaintiff agree as follows:

1

Plaintiff's Initials SR                                              Defendants' Initials JZ

1. **NONADMISSION OF LIABILITY.** This Agreement is a compromise and general release of all claims, known or unknown and does not constitute an admission of liability by the Released Parties or an admission, directly or by implication, that any of them have violated any law, rule or regulation, or any contractual right, or any other duty or obligation of any kind, including any duty or obligation owed to or allegedly owed to Plaintiff or any other party. This Agreement shall not in any way be construed as an admission that the Released Parties or any of their representatives misclassified Plaintiff as an independent contractor or acted wrongfully with respect to Plaintiff or any other person, but shall be construed strictly as an instrument to avoid litigation. This Agreement shall not in any way be construed as an admission or evidence that Plaintiff is or was an employee or agent of Released Parties. This Agreement is not admissible to prove liability for or the validity of any claims that relate, refer, or pertain to the subject matter of this Agreement.

2. **MONETARY CONSIDERATION.** In exchange for the promises contained herein, including Plaintiff's release of all claims against the Released Parties as described herein, and provided that the Court approves the Parties' Settlement and dismisses the litigation with prejudice, and Plaintiff has not exercised his right of revocation and has otherwise complied with the conditions precedent to payment described below, the Released Parties shall issue payment to Plaintiff and Plaintiff's Counsel in the total amount of Twenty Nine Thousand Dollars ($29,000) (the "Settlement Amount"), to be allocated as set forth in subparagraph (a).

   a. The Settlement Amount shall be paid by check issued by Uber made payable as set forth below. No tax deductions shall be taken from the amount and all parties receiving checks will receive IRS 1099s.

      (1) <u>Plaintiff Sebastian Rojas:</u> Sixteen thousand dollars and zero cents. ($16,000.00). This amount reflects alleged wage based damages plus additional consideration for the promises and covenants set forth in this Agreement.

      (2) <u>Plaintiff's Counsel.</u> Thirteen Thousand dollars and zero cents ($13,000.00). This amount reflects a complete resolution of any fees and costs incurred by Plaintiff and Plaintiff's counsel in this case.

   b. Released Parties shall also pay the cost of the mediation of this cause that occurred on July 26, 2017. Plaintiff further acknowledges that the Settlement Amount and Released Parties' payment of the cost of mediation are the only payments that are due from Released Parties under this Agreement and that, other than the Settlement Amount and the cost of mediation, Released Parties shall have no further payment obligation of any kind to Plaintiff for any other payment of any kind, including, but not limited to, attorneys' fees and costs, and Plaintiff hereby waives any claim to other payment of any kind whatsoever. Except as specifically set forth herein, Plaintiff and Released Parties each

        agree to bear their own fees, costs and expenses incurred in connection with Plaintiff's Complaint.

    c.    The Settlement Amount shall be delivered to (and received by) Plaintiff's counsel, Adam M. Myron, Esq., Richman & Greer, PA, One Clearlake Center, Suite 1504, 250 Australian Avenue South, West Palm Beach, FL 33401 within seven (7) days after counsel for Uber (*i.e.*, Jessica T. Travers, Esq., Littler Mendelson PC) is in physical receipt of all of the following items: (i) an executed copy of this Agreement, (ii) a completed and signed IRS form W-9 from Plaintiff and from Plaintiff's Counsel; (iii) a fully executed joint motion to approve the settlement and dismiss the case with prejudice (which shall be filed by or before 5:00 p.m. on July 27, 2017); and (iv) an order from the Court approving the Parties' settlement and dismissing the case with prejudice. Plaintiff agrees to cooperate with defense counsel to secure approval of the settlement and a dismissal of his Second Amended Complaint with prejudice.

    **3.**    **TAX TREATMENT.**  Released Parties make no representations or warranties regarding the taxability or non-taxability of the Settlement Amount, and Plaintiff understands and agrees that he is responsible for obtaining his own professional advice on such issues. Should the proceeds payable to Plaintiff be treated as taxable to Plaintiff, he agrees that he will assume and be responsible for all such tax obligations or consequences that may arise, and he shall not seek any indemnification from the Released Parties in this regard. Notwithstanding the foregoing, if any claim is asserted against a Released Party by any taxing authority with respect to this payment, Plaintiff understands and agrees that he shall be liable for his own individual portion of any taxes owed.

    **4.**    **RELEASE OF CLAIMS.**

    a.    <u>Release of Claims by Plaintiff</u>.  Plaintiff, on behalf of himself, his business endeavors, his offspring, heirs, administrators, representatives, executors, successors, and assigns, hereby irrevocably and unconditionally releases and forever discharges the Released Parties from all claims of any nature whatsoever, known or unknown, suspected or unsuspected, foreseen or unforeseen, that Plaintiff now has or asserts to have, or which Plaintiff at any time heretofore had, or asserted to have, against the Released Parties concerning any aspect of Plaintiff's relationship with Released Parties. The term "claims" includes any claim or cause of action, regardless of the forum in which it may be brought, and includes, but is not limited to, any claim relating to alleged misclassification as an independent contractor, breach of express or implied contract, breach of the covenant of good faith and fair dealing, breach of any obligation arising out of any law or public policy of the United States of America, the State of Florida or any

Plaintiff's Initials SR          Defendants' Initials JT

other governmental entity, discrimination or harassment on the basis of race, sex, sexual preference, gender identity, age, national origin, religion, medical condition, disability, marital status or otherwise (including but not limited to claims under the Civil Rights Acts of 1866, 1964 and 1991, the Age Discrimination in Employment Act of 1967, any amendments to the foregoing, or any other federal, state, county or local law, ordinance, regulation or order relating to employment or his status as independent contractors), unpaid wages (including, but not limited to, any and all alleged violations of the Florida's Minimum Wage Act, the Florida Constitution, the federal FLSA and/or local ordinance), expenses, gratuities, and benefits, unfair business practices, intentional or negligent infliction of emotional distress, fraud, misrepresentation, defamation, interference with contract or other interests, or any other claims or causes of action for damages of any nature, including without limitation, actual, compensatory, punitive, and liquidated damages, penalties, and attorneys' fees, costs and expenses.

(1) With regard to the Released Parties, Plaintiff expressly waives and releases to the maximum extent allowed by law any and all claims, known or unknown, that may have accrued on or before the date he executed this Settlement Agreement, regarding any amount allegedly owed to him for services he performed during their contractual relationship with the Released Parties.

(2) With regard to the Released Parties, Plaintiff also waives and releases to the maximum extent allowed by law all monetary and other relief that may be sought on his behalf by other persons or agencies. The sole exclusions from this release shall be the consideration provided in exchange for this Agreement, any claim that cannot be waived by private agreement under federal, state, or local law, including such claims for worker's compensation, unemployment insurance, indemnity or any claim that arises after Plaintiff signs this Agreement, any claims under the National Labor Relations Act, and any claims that may arise after the effective date of this Agreement.

    **b.**   <u>Release of Claims by Uber</u>. Uber hereby fully releases, acquits, and forever discharges Plaintiff, his heirs, executors, administrators, and assigns, of any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses and compensation whatsoever arising in law or equity under federal, state, or local law, that arose prior to the effective date of this Settlement Agreement. Plaintiff certifies that he has not engaged in any conduct that, to his knowledge, could give rise to such claims.

    **c.**   Nothing in this Agreement shall be construed to limit any party or its representatives from any affirmative legal duty to report or disclose information.

4

Plaintiff's Initials SR            Defendants' Initials JZ

5. PURSUIT OF CLAIMS. Plaintiff understands that this Agreement will be final and binding. He hereby promises that he will not pursue any claim that he has settled by this Release. Plaintiff agrees that if he breaks this promise, he will pay all of the Released Parties' costs and expenses (including reasonable attorneys' fees) related to the defense of any such claims.

6. NON-DISPARAGEMENT. Plaintiff agrees not to make any disparaging statements to any person or entity about any of the Released Parties and/or any of their directors, officers, or employees, or otherwise attempt to injure or interfere with Released Parties' reputation, affairs or business. Uber agrees to make a good faith effort to prevent disparaging statements about Plaintiff, or otherwise attempt to injure or interfere with Plaintiff's reputation, affairs or business, by Uber's executives and managers located in Miami, Florida.

7. COOPERATION/NO VOLUNTARY ASSISTANCE.

   a. Plaintiff agrees to fully cooperate with Uber and their counsel in connection with and to successfully effectuate the dismissal with prejudice of all of Plaintiff's claims and causes of action against Uber in the Complaint.

   b. Plaintiff, on behalf of himself and/or his agents, agrees that, except as required by law, they shall not assist any other person or entity in the initiation or prosecution of any demand, claim, action, cause of action, proceeding or litigation against Uber, including any claims filed in state or federal court.

8. NO PUBLICATION.

   a. Plaintiff agrees that he, neither individually nor through his counsel, shall not discuss, publish, distribute or post on any social media, website, blog or otherwise, or issue any press release concerning, the terms of this settlement, the Agreement, or the outcome of this action. Plaintiff agrees not to cooperate with or comment in response to any media inquiries directed at ~~them~~ him in connection with the Complaint, Uber, or his relationship with Uber as it relates to this legal action, other than to state, "No Comment" or "The matter has been resolved." Plaintiff cannot circumvent this provision by having a third party, including his counsel, respond to such an inquiry on Plaintiff's behalf. Nothing in this Agreement shall prohibit any party from disclosing information to the Court in connection with their efforts to obtain approval of the settlement. Parties may disclose the terms of this Agreement to their attorney(s), accountant(s), tax advisor(s), the Internal Revenue Service, individuals who need to know in the ordinary course of business, or as otherwise required by law.

   b. Plaintiff represents and warrants that, as of the date he signs this

5

Plaintiff's Initials SR  Defendants' Initials UZ

Agreement, he, neither individually nor through his counsel, has violated the terms and conditions of this No Publication provision. The terms of this Agreement shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

9. REPRESENTATIONS AND WARRANTIES.

   a. Plaintiff represents and warrants that he has the requisite authority and full legal and mental capacity to execute this Agreement.

   b. Plaintiff represents and warrants that he has had the opportunity to consult with, and have consulted with, counsel in connection with his decision to execute this Agreement, and that he has entered into this Agreement freely and voluntarily, and recognizes this Agreement as a valid and binding obligation.

   c. Plaintiff represents and warrants that he has been properly named in this Agreement.

   d. Plaintiff further represents and warrants that he has not assigned his rights to any other party, and has not and will not enter into any assignments or agreements for the purposes of allowing any other party to assert a claim against any of the Released Parties arising out of the matters in the Complaint.

10. NO INTERFERENCE WITH RIGHTS. Nothing in this Agreement is intended to waive claims that cannot be released by private agreement. In addition, nothing in this Agreement including but not limited to the obligations set forth in the No Publication provision, acknowledgements and promise not to sue, arbitration, and attorneys' fees provisions, prevent Plaintiff from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, National Labor Relations Board, the Securities and Exchange Commission, or any other any federal, state or local agency charged with the enforcement of any laws, including providing documents or other information, or from exercising rights under Section 7 of the NLRA to engage in protected, concerted activity with other employees, although by signing this release Plaintiff is waiving rights to individual relief or recovery based on claims asserted in such a charge, complaint, or lawsuit brought by Plaintiff or asserted by any third-party on Plaintiff's behalf.

11. DISPUTES.

   a. It is further expressly understood and agreed by the Parties hereto that if, at any time, a violation of any term of this Agreement is asserted by any party herein, said party shall have the right to seek specific performance of said term and/or any other necessary and

6

Plaintiff's Initials SR                                    Defendants' Initials JZ

        proper relief, including, but not limited to, damages, and the prevailing party shall be entitled to reasonable costs and attorneys' fees.

   **b.**    Plaintiff acknowledges this Agreement shall be governed by and construed in accordance with the laws of Florida, without regard to its choice of law principles. The Parties agree that any dispute relating to any aspect of this Agreement, including but not limited to this Agreement's formation, meaning, performance, or breach, including any claim for breach of the No Publication provision, shall be submitted exclusively to final and binding arbitration before a mutually agreed upon arbitrator in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* Any such arbitration shall be confidential. The arbitration will be administered by the American Arbitration Association ("AAA") in accordance with the Commercial Arbitration Rules. The arbitrator will be selected by the Parties from the AAA's roster of commercial dispute arbitrators. The arbitration will be conducted in the county where Plaintiff resides.

      **12.**    SUCCESSORS. It is further expressly understood and agreed by the Parties hereto that this Agreement shall be binding upon and will inure to the benefit of Plaintiff's heirs, successors, agents, executors, and administrators if any, and will inure to the benefit of the individual and/or collective successors, assigns, fiduciaries and insurers of the Released Parties, their present and former affiliated business entities, their successors, assigns, fiduciaries and insurers, and all of their present and former proprietors, partners, shareholders, directors, officers, employees, agents, and all persons acting by, through, or in concert with any of them.

      **13.**    ASSIGNMENT. Plaintiff represents and warrants to the Released Parties that he has not heretofore assigned or transferred, or purported to assign or transfer, in whole or in part, to any person or entity, any claim which is released by this Agreement. Plaintiff represents and agrees that he will not assign, transfer, or purport to assign or transfer, any such claims or portions thereof, and warrants and agrees that he will immediately revoke and terminate any purported assignment or transfer of said claims, or portions thereof or interest therein, that may at any time be alleged. Plaintiff will not assign, sell or otherwise transfer or encumber any of Plaintiff's rights, duties or obligations under this Agreement.

      **14.**    ACCOUNT DEACTIVATION. In exchange for the promises contained herein, Plaintiff agrees that, because of circumstances unique to him (including his irreconcilable differences with the Released Parties) that upon approval of the Parties' settlement agreement, he will no longer be qualified to provide transportation services using the Uber App now or in the future and promises that he will not attempt to contract for or accept any contract to provide delivery services, transportation services, or other services using the Uber App now or in the future. Plaintiff agrees that Uber may lawfully permanently deactivate Plaintiff's accounts associated with the provision of service of any kind at any time after the date on which they sign this Agreement. In the event the Parties' settlement is not approved by the Court with a

7

Plaintiff's Initials SR                                     Defendants' Initials JZ

concomitant dismissal of the case with prejudice, Uber agrees to reactivate Plaintiff's driver account within 24 hours of entry of a Court order denying approval of this Agreement.

**15.** NO FUTURE RELATIONSHIP. In exchange for the promises contained herein, Plaintiff acknowledges and agrees that at no time in the future will Plaintiff seek to or enter into an independent contractor or employment relationship with any of the Released Parties or any of their subsidiaries or successors. Plaintiff further agrees that any of the Released Parties' failure to contract with or hire him shall not constitute a violation of any local, state, or federal law, order, or regulation; and that the Released Parties are entitled to terminate Plaintiff's service contract or employment without legal consequence in the event Plaintiff enters into such a relationship in the future.

**16.** CONSTRUCTION. All Parties reviewed and approved the language of this Agreement. Accordingly, the language of this Agreement shall be construed according to its fair meaning and not strictly for or against any of the Parties. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**17.** MODIFICATION. This Agreement can be modified only in the form of a writing signed by the Parties hereto. There shall be no oral agreements between the Parties concerning the subject matter of this Agreement. The failure of any party to enforce any provision of this Agreement shall not be construed as a waiver of such provision or acquiescence to the modification of such provision.

**18.** ENTIRE AGREEMENT. This Agreement constitutes the entire agreement of the Parties relating to the rights herein granted and the obligations assumed. The terms of this Agreement are contractual and not a mere recital. This Agreement is executed without reliance upon any representation by the Released Parties, or any representative thereof, regarding the subject matter, basis or effect of this Agreement or otherwise, other than as specifically stated in this written Agreement.

**19.** COUNTERPARTS. This Agreement may be executed in counterparts, each of which when so executed shall be deemed to be an original, and such counterparts together shall constitute one and the same Agreement. A faxed or electronically transmitted signature shall bear the same force and effect as an original signature.

**20.** ACKNOWLEDGEMENTS. To the extent applicable, Plaintiff specifically understands and hereby acknowledges that he is releasing and waiving any and all claims that he may have under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq., as amended ("ADEA"), and by executing this Agreement represents that:

    **a.** Plaintiff was afforded a full twenty-one (21) days within which to consider this Agreement before executing it, and if executed in less than twenty-one (21) days, the decision to do so was entirely voluntary on Plaintiff's part and not the result of duress or

8

Plaintiff's Initials SB      Defendants' Initials JZ

Plaintiff's Initials S R

        coercion;

b.    Plaintiff has carefully read and fully understands all of the provisions of this Agreement;

c.    Plaintiff is, through this Agreement, releasing the Released Parties from any and all claims Plaintiff may have against the Released Parties;

d.    Plaintiff is knowingly and voluntarily agreeing to all of the terms set forth in this Agreement and to be bound by the same;

e.    Plaintiff was advised and hereby is advised in writing to carefully consider the terms of this Agreement and consult with an attorney of Plaintiff's choice prior to executing this Agreement;

f.    Plaintiff has a full seven (7) days following the execution of this Agreement to revoke the Agreement and has been and hereby is advised in writing that this Agreement shall not become effective or enforceable until the seven (7) day revocation period has expired;

g.    For revocation to be effective, notice of revocation must be submitted in writing, signed by Plaintiff, and timely delivered by first class mail to counsel for Uber, attention: Jessica T. Travers, Esq., 333 SE 2nd Ave, Suite 2700, Miami, FL 33131; and

h.    Plaintiff understands that rights or claims under the ADEA thatmay arise after the date this Agreement is executed are not waived.

IN WITNESS WHEREOF, the Parties execute this Agreement as of the dates set forth opposite their names.

9

Plaintiff's Initials S R                               Defendants' Initials

| SEBASTIAN ROJAS | UBER TECHNOLOGIES, INC., RASIER-PA, LLC, RASIER-MT, LLC, RASIER-DC, LLC, RASIER, LLC, AND HINTER-NM, LLC |
|---|---|
| By: *[signature]* Andrei Rojas <br> Dated: 07-26-17 | By: *[signature]* <br> Name: Jennifer N. Zhao <br> Title: Employment Counsel <br> Dated: 7/26/17 |

Firmwide:149063622.1 073208.1263